E-FILED
Wednesday, 23 August, 2017  05:10:19 PM
Clerk, U.S. District Court, ILCD

5442-119
BMS/tlp

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUELINE TANNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-03039 |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS; KAREN | ) | |
| MORANSKI, Associate Vice-Chancellor, in | ) | |
| her Official and Individual Capacity; | ) | |
| JONATHAN GOLDBERGBELLE, Senior | ) | |
| Director of International Programs and | ) | |
| Internships, in his Official and Individual | ) | |
| Capacity; LAURA ALEXANDER, Senior | ) | |
| Director of Human Resources in her Official | ) | |
| and Individual Capacity; and DONNA | ) | |
| MCNEELY, Director of University Ethics and | ) | |
| Compliance Office in her Official and | ) | |
| Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)**

NOW COME the Defendants, BOARD OF TRUSTEES OF UNIVERSITY OF

ILLINOIS, KAREN MORANSKI, JONATHAN GOLDBERGBELLE, LAURA ALEXANDER,

and DONNA MCNEELY, by THERESA M. POWELL and BRIAN M. SMITH, of HEYL,

ROYSTER, VOELKER & ALLEN, their attorneys, and for their Brief in Support of Motion to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), state as follows:

# I.
# INTRODUCTION

On February 15, 2017, Plaintiff filed a six-count Complaint. After a Motion to Dismiss was filed, Plaintiff filed an Amended Complaint. The Amended Complaint adds two counts and some allegations, but does not substantially alter the initially filed Complaint. Plaintiff's eight-count Amended Complaint alleges violations of Title VII, § 1983, § 1985, the Illinois Ethics Act, the Illinois Whistleblower Protection Act, breach of contract, and tortious interference with employment. The Plaintiff's § 1983, Illinois Ethics Act, Illinois Whistleblower Protection Act, tortious interference with employment, and breach of contract claims are barred by sovereign immunity, and Count IV, Plaintiff's conspiracy claim, is barred by the intra-corporate conspiracy doctrine. All of Plaintiff's counts fail to set forth sufficient facts to support the claims referenced herein. To begin, Plaintiff has failed to exhaust her administrative remedies and seeks punitive damages against the University. Plaintiff's Title VII claim seeks to assert liability against individuals, which is not allowed. Furthermore, the individual Defendants are entitled to qualified immunity on Counts II through IV. For these reasons, and those set forth below, Defendants respectfully request that Plaintiff's Amended Complaint be dismissed.

# II.
# ARGUMENT

## A.    Applicable Standard

### 1.    12(b)(1) Standard

The federal court must have subject matter jurisdiction over the matter at issue. The lack of subject matter jurisdiction makes a complaint subject to dismissal. Fed. R. Civ. P. 12(b)(1). A challenge under 12(b)(1) challenges this Court's subject matter jurisdiction and must be addressed first. *See Freiburger v. Emery Air Charter*, 795 F. Supp. 253, 256 (N.D. Ill. 1992)

(citing 796 F.2d 924, 928 (7th Cir. 1986)). The standard of review for a 12(b)(1) motion to dismiss depends on how the defendant frames the motion. If the defendant argues that the allegations of jurisdiction are facially insufficient, then the standard applied is the same as that for 12(b)(6) motions. If the motion challenges the truth of the facts alleged, then the court may look beyond the face of the plaintiff's complaint to resolve the factual dispute. *See Freiburger*, 795 F. Supp. at 256-7. The Plaintiff's § 1983, Illinois Ethics Act, Illinois Whistleblower Protection Act, tortious interference with employment, and breach of contract claims are barred by sovereign immunity and should be dismissed pursuant to 12(b)(1) as the claims are facially insufficient.

### 2.     12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests."' *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)(*quoting* FED. R. CIV. P. 8). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555. "[L]abels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

In determining whether the plaintiff's complaint survives a motion to dismiss, the court must employ a two-step process. First, a court must identify the "allegations in the complaint that are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Conclusory allegations are "not entitled to be assumed true" and cannot be considered for purposes of determining whether the complaint states a claim for relief. *Id.* at 1951.

Once the court determines those allegations which can be considered, it must then determine whether such allegations "state[] a plausible claim for relief…" *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Consistent with *Twombly* and *Iqbal,* the Seventh Circuit has recognized that "[r]ecent decisions of the Supreme Court emphasize the importance of prompt dismissal of unmeritorious cases even if they are not frivolous." *Milam v. Dominick's Finer Foods, Inc.*, 588 F.3d 955, 959 (7th Cir. 2009)(*citing Ashcroft,* 129 S. Ct. at 1952; *Twombly,* 127 S. Ct. 1955). Accordingly, "[i]n the interest of justice and economy, every effort should be made by the district court from the start of a case to determine its likely merit and guide it to a swift conclusion as is consistent with doing justice to the parties." *Milam,* 588 F.3d at 958-59. All of the counts of Plaintiff's Complaint fail to allege sufficient facts to support the claims referenced herein.

**B.**      **Count I-Plaintiff's Title VII Retaliation Claims Fail For Lack of Exhaustion, Lack of Protected Activity and For Naming Individuals as Parties**

In order to proceed on her claim for retaliation under Title VII, Plaintiff must first allege sufficient facts to establish that she has complied with 42 U.S.C. §2000e-5. This provision sets forth the following conditions precedent to filing this claim:

1.      Filing an EEOC charge within 300 days of the alleged incident;

2.      Obtaining a Right to Sue Letter from the EEOC;

3.      And filing a Complaint based upon the claims outlined in the EEOC charge within 90 days of receiving the right to sue letter.

After meeting these requirement, in order to substantively state a Title VII retaliation claim under 42 USC 2003-3(a)(2006), plaintiff's complaint must set forth sufficient facts to establish that:

1.      She engaged in protected activity;

2.      That an adverse employed action occurred;

3.      And that the adverse employment action was caused by the protected activity.

Defendants assert that Plaintiff's Complaint fails at all levels.

**1.      Individual Defendants Cannot be Sued Under Title VII**

The employer is the only proper party in a Title VII action. *See* 42 U.S.C. § 2000e(b); *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995). Plaintiff fails to delineate which counts are brought against which Defendants. However, in Count I of Plaintiff's Complaint, she refers to Defendants in the plural. (See, e.g., d/e #16, p. 18, ¶ 85). To the extent Plaintiff seeks to assert Count I against Defendants Moranski, GoldbergBelle, Alexander, or McNeely, such claim must be dismissed. Here, the Plaintiff's employer was the Board of Trustees of the University of

Illinois. (d/e #16, p. 4, ¶ 14). Accordingly, Count I must be dismissed as to Defendants Moranski, GoldbergBelle, Alexander, and McNeely.

### 2.   Plaintiff Failed to Exhaust Her Administrative Remedies, and Therefore Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)

"Before a plaintiff can file a Title VII. . . claim in federal court, she must first timely file a charge of discrimination with the EEOC." *Hale v. Bd. of Trs.,* 2016 U.S. Dist. LEXIS 154481, at *6 (C.D. Ill. Nov. 8, 2016)(citations omitted); *see also Spellman v. Seymour Tubing, Inc.*, 2007 U.S. Dist. LEXIS 28779, at *2 (S.D. Ind. April 12, 2007). "A plaintiff must present in the charge of discrimination any claim she wants to later pursue in federal court." *Id.* at *7 (citation omitted). While charges of discrimination are to be construed liberally, "general allegations of discrimination in the charge are not sufficient to justify bringing any discrimination theory in federal court." *Id.* at *8 (citation omitted). "In particular, a plaintiff can bring federal court claims that were not included in the charge if the federal claims are 'likely or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Id.* at *8 (citation omitted). "To be like or reasonably related, the federal claim and the claim in the charge of discrimination must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* at *9 (citation omitted).

"Whether the federal claims are within the scope of the charge of discrimination is a question of law." *Id.* at *9 (citation omitted). On a motion to dismiss under 12(b)(6), the court can consider the complaint and exhibits attached thereto. *Id.* at *6; Fed. R. Civ. P. 10(c).

Here, Plaintiff attaches her Charge of Discrimination as Exhibit A to her Amended Complaint. (d/e #16-1, p. 2). In the Charge of Discrimination, Plaintiff alleges she was retaliated against on February 29, 2016 because she opposed discrimination on November 16, 2016, and February 3, 2016. (d/e #16-1, p. 2). Plaintiff's Charge of Discrimination was signed on May 11,

2016. Thus, the allegation that she opposed discrimination on November 16, 2016, must have been a typographical error. Many of the allegations of Plaintiff's Complaint concern events that occurred prior to November 16, 2015. Specifically, Plaintiff alleges reports of discrimination on August 3, 2015, October 21, 2015, and November 11, 2015. (See d/e #16, ¶¶ 38, 41, and 43). These alleged reports of discrimination have not been brought before the Illinois Department of Human Rights or the EEOC through a Charge of Discrimination (see d/e #16-1, p. 2). Accordingly, those allegations and others not referenced in her Charge of Discrimination should be stricken. Those portions of Count I of Plaintiff's Amended Complaint should be dismissed pursuant to 12(b)(6) for failure to exhaust administrative remedies.

### 3.    Plaintiff Fails to Identify Legally Protected Activity

In *Hatcher,* the Seventh Circuit recently upheld the dismissal of a retaliation claim which was based, in part, on a professor's assisting a grad student in making a report of sexual harassment. The court noted that assisting a grad student in making a report of harassment is not opposing unlawful *employment* discrimination, and therefore, not a statutorily protected activity under Title VII. *See Hatcher v. Bd. Of Trs*, 829 F.3d 531, 536-37., In this case, Plaintiff does not appear to allege opposition to an unlawful employment practice nor discrimination on the part of the University. She alleges that she reported what she believed to be discrimination of students by some of the IEP instructors and Defendants GoldbergBelle and Moranski. (d/e #16, p. 18, ¶ 83). The discrimination alleged is not unlawful under Title VII. The alleged victims of the discrimination were students, not employees.

In Count I, Plaintiff alleges that she was retaliated against "as a result of her having complained about the Middle Eastern Arab Muslim discrimination by some of the IEP instructors and perpetuated by the actions of GoldbergBelle and Moranski." (d/e #16, p. 18, ¶

83). Nowhere in Plaintiff's Complaint does she outline how the alleged "discrimination" was unlawful. Plaintiff suggests that it was "discrimination" for certain IEP instructors to report lack of attendance and lack of progress as to certain students. (See, e.g., d/e #16, ¶¶ 36, 37, 41, 43-44, 51). However, discrimination as to the enforcement and application of a student attendance policy or progress notes is not protected activity under Title VII. There is little to no information in the complaint to advise the Defendants of the nature of the complaints against them. Reporting absences and lack of progress is not unlawful, and therefore may not be a legal basis for retaliation. Accordingly, Plaintiff has not engaged in a statutorily protected activity, and her Title VII claim must fail.

**4.     The Plaintiff's Request for Punitive Damages Should be Stricken**

To the extent Plaintiff's request for punitive damages is sought pursuant to Title VII, the request should be stricken. Under Title VII,

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in the discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1).

The Board of Trustees of the University of Illinois is an agency of the State of Illinois, and accordingly, punitive damages under Title VII cannot be sought against it. *See Alexander v. Northeastern Il. Univ.*, 2007 US Dist. LEXIS 39398, at *11-12 (N.D. Ill. May 29, 2007). Accordingly, Plaintiff's request for punitive damages should be stricken.

### C.     Plaintiff's Counts II and III are Barred by the Eleventh Amendment and For Lack of Factual Support

#### 1.     The University is Not a Person Amenable to Suit Under Section 1983

Counts II and III of Plaintiff's Amended Complaint should be dismissed because the University is not a person amenable to suit under § 1983, *Snyder v. King,* 745 F.3d 242 (7th Cir. 2014); *Kaimowitz v. Bd. of Trs. of Univ. of ll.,* 951 F.2d 765, 767 (7th Cir. 1991); *Spain v. Elgin Mental Health Ctr.,* 10-cv-1065, 2011 WL 1485285, at *10 (N.D. Ill., April 18, 2011); "State governments and State officials are *not* 'persons' within the ambit of Section 1983." *Snyder v. King*, 745 F.3d 242, 247 (7th Cir. 2014)(citations omitted). "Because this Court has determined in previous § 1983 actions that a state university is an alter ego of the state, and, under *Will*, a 'State is not a person' under § 1983, it follows that a state university is not a person within the meaning of § 1983 and therefore not subject to suits brought under § 1983." *Kaimowitz v. Bd. of Trs. of Univ. of Ill.,* 951 F.2d 765, 767 (7th Cir. 1991). Accordingly, the University is not a person amenable to suit under Section 1983. Therefore, plaintiff's claims against the University fail for lack of federal court subject matter jurisdiction. *See Toledo v. Peoria & Western R.R. Co., Ill. Dep't of Transp.*, 744 F.2d 1296, 1298-99 (7th Cir. 1984). Pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's claims in Counts II and III against the University should be dismissed for lack of subject matter jurisdiction.

#### 2.     This Court Lacks Jurisdiction to Consider Claims against the University

Under the Eleventh Amendment, nonconsenting states are generally immune from lawsuits brought in federal court by their own citizens. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121, 104 S. Ct. 900, 701 L.Ed.2d 67 (1984). Boards of trustees of state universities are state agencies, and are completely immune from suits brought in federal court

under Section 1983. *Kroll v. Bd. of Trs. of Univ. of Ill.,* 934 F.2d 904, 907 (7th Cir.)(en banc), *cert. denied,* 112 S. Ct. 377 (1991); *Keri v. Bd. of Trs. of Purdue Univ.,* 458 F.3d 620, 641 (7th Cir. 2006)(overruled on other grounds by *Hill v. Tangherlini,* 724 F.3d 965, 968, n. 1 (7th Cir. 2013); *Mutter v. Madigan,* 17 F.Supp.3d 752, 757-58 (N.D. Ill. 2014); *Rittenhouse v. Bd. of Trs. of S. Ill. Univ.,* 628 F.Supp.2d 887, 893 (S.D. Ill. 2008).

The University is an arm of the State. *Kashani v. Purdue University*, 813 F.2d 843, 845 (7th Cir. 1987)("the vast majority of cases considering the issue have found state universities to be forfended by the Eleventh Amendment"), *cert. denied*, 484 U.S. 846 (1987); *Moore v. Watson*, 838 F.Supp.2d 735, 753, n. 26 (N.D. Ill. 2012)("Illinois state universities are arms of the state for purposes of Eleventh Amendment analysis").

Due to the protections afforded to the University under the Eleventh Amendment of the U.S. Constitution, this Court lacks subject matter jurisdiction over all of Plaintiff's claims brought against it under § 1983. As such, the University should be dismissed from Counts II and III pursuant to Fed. R. Civ. P. 12(b)(1). *See, e.g., Hudson v. Ill. Dep't of Human Servs.,* 02-c-9227, 2003 WL 22839819, at *1 (N.D. Ill. 2003)(noting a Rule 12(b)(1) motion to dismiss requires a court to dismiss any action for which it lacks subject matter jurisdiction and that the Seventh Circuit considers Eleventh Amendment immunity to be a jurisdictional bar).

###### 3.     Plaintiff's § 1983 Claims against the Individual Defendants are Barred by Sovereign Immunity

###### a.     Plaintiff's § 1983 Claims against Defendants Moranski, GoldbergBelle, Alexander and McNeely in Their Official Capacities are Barred by Sovereign Immunity

"An official capacity suit against an employee of a state agency is considered a lawsuit against the agency itself." *Harden v. Bd. of Trs. Eastern Ill. Univ.*, 2013 U.S. Dist. LEXIS 170252, at *18 (C.D. Ill. Oct. 9, 2013)(citing *Kroll v. Bd. of Trs. of the Univ. of Ill.,* 934 F.2d

904, 907 (7th Cir. 1991)); *Mutter*, 2014 WL 562017, at *3; *Rittenhouse,* 628 F.Supp.2d at 893.

"In the absence of congressional abrogation of sovereign immunity or a state's consent to suit, sovereign immunity bars official capacity claims, with the exception of claims for perspective relief." *Harden,* 2013 U.S. Dist. LEXIS 170252, at *18 (citation omitted). Accordingly, any claims brought against Defendants Moranski, GoldbergBelle, Alexander, or McNeely, in their official capacities are barred, with the exception of claims for perspective relief.

Plaintiff specifies that Count II is only brought against Defendants in their individual capacities. (d/e #16, p. 19, ¶ 88). However, Count III does not specify if the claims are made against the individual Defendants in their official or individual capacities. (See d/e #16, pp. 21-22, ¶¶96-100). To the extent Count III is brought against the Defendants in their official capacities, the claims are barred by sovereign immunity. All official capacity claims in Counts II and III against Defendants Moranski, GoldbergBelle, Alexander and McNeely should be dismissed with prejudice.

> **b.      Plaintiff's Section 1983 Claims against Defendants Moranski, GoldbergBelle, Alexander and McNeely in Their Individual Capacities are Barred by Sovereign Immunity**

Eleventh Amendment immunity also bars lawsuits against state officials in their individual capacity "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Luder v. Endicott,* 253 F.3d 1020, 1023 (7th Cir. 2001). Where a plaintiff seeks damages arising from an employment relationship, the Eleventh Amendment bar applies, as such damages can only be paid by the employer. *See, e.g., Omosegbon v. Wells,* 335 F.3d 668, 672 (7th Cir. 2003)(Eleventh Amendment barred Section 1983 claim against individuals because the plaintiff sought back pay and other monetary

compensation based on employment relationship); *Benjamin v. Ill. Dep't of Fin. & Prof'l Regulation,* 837 F.Supp.2d 840, 852 (N.D. Ill. 2011); *Altman v. Dep't of Children and Family Servs.,* 666 F.Supp.2d 918, 929 (S.D. Ill. 2009)(Section 1981 claims against individuals dismissed where plaintiff sought reversal of discriminatory action).

Count II alleges due process violations in connection with her employment at the University. She seeks damages for economic losses and presumably seeks to hold the individual defendants liable for those losses. Pursuant to *Luder* and *Omosegbon,* Plaintiff's claims against Defendants Moranski, GoldbergBelle, Alexander and McNeely in their individual capacities are claims against the state, and are therefore barred by the Eleventh Amendment. Similarly, Count III concerns damages arising from her employment with the University. (d/e #16, p. 21, ¶¶ 98, 100). Therefore, all individual capacity claims in Counts II and III against Defendants Moranski, GoldbergBelle, Alexander and McNeely should be dismissed with prejudice.

### 4. Plaintiff Fails to Allege Facts Sufficient to Support the Necessary Element of a Legal Property Interest in Her Job

Count II of Plaintiff's Amended Complaint alleges a denial of procedural due process. In Paragraph 89 of her Amended Complaint, Plaintiff alleges she "possessed a property interest in her continued employment at the University." (d/e #16, p. 19, ¶ 89). However, Plaintiff's Complaint fails to allege a cognizable property interest in continued employment. "The Fourteenth Amendment imposes constraints on government actions which deprive an individual of 'liberty' or 'property' interests within the meaning of the Due Process Clause." *Brooks v. City of Chicago,* No. 11-cv-2880, 2012 WL 13570, at *2 (N.D. Ill. Jan. 4, 2012)(citing *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976)). "To plead a procedural due-process claim, [plaintiff] must allege a cognizable property interest, deprivation of that interest, and a denial of due process." *Palka v. Shelton,* 623 F.3d 447, 452 (7th Cir. 2010)(citation omitted).

Plaintiff must first demonstrate she had a constitutionally protected property interest. *Rujawitz v. Martin,* 561 F.3d 685, 688 (7th Cir. 2009). Courts must look to Illinois law to determine whether plaintiff has a constitutionally protected property interest in her employment. *Rujawitz,* 571 F.3d at 688. "Under Illinois law, a person has a property interest in his job where he has a legitimate expectation of his continued employment based on a legitimate claim of entitlement." *Rujawitz,* 561 F.3d at 688 (citations omitted). "To show a legitimate expectation of continued employment, a plaintiff must show a specific ordinance, state law, contract or understanding limiting the ability of the [] state or state entity to discharge him." *Rujawitz,* 561 F.3d at 688 (*quoting Moss v. Martin*, 473 F.3d 694 (7th Cir. 2007); *see also Palka*, 623 F.3d at 452.

Here, Plaintiff did not plead she was a member of a collective bargaining unit, has not cited or identified any state statute, state or municipal regulation, or any contract that allegedly created her "property interest in her continued employment." Plaintiff claims she had a contract with the University, but a decision was made that it not be renewed. (d/e #16, p. 15, ¶ 68). Plaintiff does not attach a copy of this contract. Plaintiff does offer a letter. (d/e #15-3, pp. 11-12). However, neither the Amended Complaint nor the letter allege facts which would demonstrate legal entitlement to renewal of the contract. On its face, the Amended Complaint establishes that Plaintiff was not terminated. Rather, she was placed on administrative leave and later allowed to work in the College of Business Management until her contract expired. (d/e #16, pp. 15-16, ¶¶ 68-69). The letter Plaintiff attaches to her Amended Complaint suggests Plaintiff's employment would end on August 15, 2016. (d/e #15, p. 11). Plaintiff specifically alleges she was allowed to work until August 15, 2016. (d/e #16, p. 16, ¶ 69). Plaintiff's

allegations in Count II are threadbare and offer no detail to suggest Plaintiff had a property interest in continued employment.

Pleadings such as Plaintiff's, without any factual enhancement identifying the source of the property interest in her continued employment, have been found to be insufficient to state a claim. *Brooks*, 2012 WL 13570, at *3 ("*Krieg*, 481 F.3d at 520 ("Accordingly, without some specific promise of employment, the CBA did not provide Krieg with a property interest."); *Collins v. Board of Educ. of North Chicago Community Unit School Dist. 187*, 792 F. Supp. 2d 992, 2011 WL 2143115, *8 (N.D. Ill. 2011) (dismissing property right claim on Rule 12(b)(6) motion, finding that "[b]ecause a property interest is required to state a cause of action for a Due Process violation and Plaintiff has failed **[*10]** to allege facts from which a property interest can be conferred, Plaintiff has failed to state a due process claim."); *Allison v. Bd. of Educ. of the Plainfield Cmty. Consolidated Sch. Dist. No. 202*, 2011 U.S. Dist. LEXIS 63860, 2011 WL 2292306, *3 (N.D. Ill. June 7, 2011) (dismissing property right due process claim on Rule 12(b)(6) motion where plaintiff failed to identify a contract provision that demonstrated a property right in continued employment); *Baylor v. Gary Public Library*, 2011 U.S. Dist. LEXIS 43048, 2011 WL 1526950, *4 (N.D. Ind. April 20, 2011) (dismissing property right due process claim on Rule 12(b)(6) motion where plaintiff failed to allege any statutory, contractual or other basis showing that he was anything other than an at-will employee)."). Accordingly, Plaintiff's procedural due process claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

5.     **Count II of Plaintiff's Amended Complaint Should be Dismissed for Failure to State a Claim Upon Which Relief May Be Granted Because Plaintiff Has Not Alleged Any Facts Plausibly Showing The Necessary Participation or Involvement by The Individual Defendants**

Even if Plaintiff's § 1983 claims set forth in Count II against the individual Defendants were not barred by the Eleventh Amendment, dismissal is still required because no plausible § 1983 claim has been pled. To state a cause of action under § 1983 against an individual, the Plaintiff must allege that each individual had sufficient "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County,* 327 F.3d 588, 599 (7th Cir. 2003); *Eberhardt v. Brown,* No. 11-C-8877, 2012 WL 5878426, at * 5 (N.D. Ill. Nov. 20, 2012).

Section 1983 liability is premised on individualized fault; a plaintiff therefore cannot simply "lump [] each of the individual Defendants together without regard to their respective roles" in the alleged constitutional violation which is at issue. *Harrison v. Ill. Dep't of Transp.*, 10-cv-4674, 2011 WL 2470626, at *6 (N.D. Ill. June 21, 2011). Where there are no allegations "to plausibly suggest personal involvement" in the "alleged constitutional violation," dismissal for failure to state a claim is warranted. *Eberhardt,* 2012 WL 5878426, at *5; *Nieman,* 706 F.Supp.2d at 909-910; *Sheikh v. Lichtman,* No. 11 C 2334, 2012 WL 3042922, at *3 (N.D. Ill. July 25, 2012)(complaint dismissed where plaintiff alleged no facts suggesting plaintiffs were directly involved in any of the discriminatory acts).

While fact-pleading is not required, Plaintiff still must plead sufficient facts to show her claims were plausible. Here, there are no allegations that Defendants Moranski, GoldbergBelle, Alexander or McNeely participated or engaged in depriving Plaintiff of any procedural due process rights, property rights, or liberty rights. For example, Plaintiff merely alleges that Moranski and GoldbergBelle handed Plaintiff a letter regarding McNeely's findings and her

placement on administrative leave. (d/e #16, p. 13, ¶ 57). Handing Plaintiff a letter did not violate Plaintiff's procedural due process rights. McNeely is only alleged to have made an initial determination of retaliation by Plaintiff and placing her on administrative leave. (d/e #16, p. 13, ¶ 57). Informing Plaintiff of allegations of retaliation does not violate the Constitution. (d/e #16, p. 10, ¶ 60). Likewise, allowing Plaintiff to work to the end of her contract, which was not renewed, does not violate due process. (d/e #16, p. 15, ¶ 68). Moreover, there are no facts asserted herein to show that or how any individual defendant denied or interfered with the claimed due process at issue. Accordingly, Plaintiff's § 1983 claim against Moranski, GoldbergBelle, Alexander and McNeely should be dismissed from Count II.

> **6.     Count III of Plaintiff's First Amended Complaint Should be Dismissed for Failure to State a Claim because Plaintiff's Speech Made Pursuant to Employment is Not Protected Speech Under the First Amendment.**

"To establish such a claim, a public employee must show his speech is constitutionally protected. That is, the speech must be made as a private citizen (rather than pursuant to official duties), and must involve a matter of public concern." *Aldous v. City of Galena*, 2017 U.S. App. LEXIS 12445 at 6 (7th Cir. 2017) (*citing Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 510-11 (7th Cir. 2007)). "When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 426 (2006).

The speculative possibility that an employee is speaking as a private citizen is not enough to satisfy federal notice pleading requirements. *See Hatcher v. Bd. of Trs. of S. Ill Univ.*, 829 F.3d 531, 538 (7th Cir. 2016) (*citing Abcarian v. McDonald*, 617 F.3d 931, 937 (7th Cir. 2010)). A plaintiff needs to plead specific facts that plausibly suggest that her speech was not made

pursuant to her faculty role, but rather was made in her capacity as a private citizen. *Hatcher*, 829 F.3d at 538.

In *Hatcher*, a non-tenured professor at Southern Illinois University ("SIU") filed suit against the SIU Board of Trustee and an SIU dean under several causes of action, including First Amendment retaliation, claiming she was not granted tenure because she made internal statements that assisted a student in pursuing a sexual harassment complaint against another faculty member. *Id*. at 535. The Seventh Circuit held that the plaintiff professor failed to state a claim under the First Amendment because, regardless of whether she was mandated to or believed she was mandated to report the sexual harassment as part of her official duties, she failed to plead sufficient facts that suggested her statements were made as a private citizen, outside the purview of her official duties. *Id*. at 538-40.

The Seventh Circuit noted its previous rulings, rejecting the notion that the Supreme Court precedent from *Garcetti* applies only to speech expressly commanded by an employer. *Id*. at 539 (*citing Fairley v. Andrews*, 578 F.3d 518, 523 (7th Cir. 2010)). Instead, the Seventh Circuit has repeatedly held that an employee's speech about misconduct affecting an area within her responsibility is considered made pursuant to her employment even when she is not strictly required to make it. *Id*. (*citing Vose v. Kliment*, 506 F.3d 565, 570 (7th Cir. 2007)).

Here, *Hatcher* is instructive, as similar to *Hatcher* Plaintiff pleads that all of her statements were made within UIS channels, pertaining to alleged misconduct directed at her immediate supervisor and her students, i.e. misconduct affecting an area within her responsibility. (d/e #16, ¶¶ 38, 39, 41, 43, 51, 52, 63, 65, 66). While she generally pleads that her complaints, "raised awareness of issues of public concern," she does not plead that she actually raised these issues to the public in any way, nor plead any facts that demonstrate that her

complaints were made outside her role as a UIS employee, as required by *Hatcher*. Therefore, Plaintiff's First Amendment claim must be dismissed.

### D.    Count IV of Plaintiff's Complaint Fails to State a Claim for Conspiracy Under § 1985

To state a cause of action under 42 U.S.C. § 1985(3), "a complaint must allege that the defendants did (1) conspire or go in disguise on the highway or on the premises of another (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. It must then assert that one or more of the conspirators (3) did, or caused to be done, any act in furtherance of the object of [the] conspiracy, whereby another was (4a) injured in his person or property or (4b) deprived of having an exercising any right or privilege of a citizen of the United States." *Griffin v. Breckenridge,* 403 U.S. 88, 102-103 (1971)(quotations omitted).

Here, the University and the individual Defendants must be dismissed pursuant to the intra-corporate conspiracy doctrine. "[A] conspiracy cannot exist solely between members of the same entity." *Payton v. Rush-Presbyterian-St. Lukes Med. Cntr.,* 184 F.3d 623, 632 (7th Cir. 1999); *see also Stone v. Bd. of Trs. of N. Ill. Univ.,* 38 F.Supp.3d 935, 949 (N.D. Ill. 2014).

Plaintiff's conspiracy claim does not offer any facts to plausibly support it. Plaintiff claims that "in furtherance of the conspiracy each of the co-conspirators committed overt acts and was a willful participate in joint activities"; and "this misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's Constitutional rights." (d/e #16, p. 22, ¶¶ 103-104). Plaintiff does not provide any allegations about what overt acts were taken by the various alleged conspirators in furtherance of this conspiracy. Plaintiff simply offers elements of a conspiracy claim, and nothing more. Dismissal of conspiracy claims is proper where Plaintiff fails to allege any facts to show "cooperation or

consultation among the defendants from which this court could infer a conspiracy." *See Collier v. Rodriguez*, 1996 U.S. Dist. LEXIS 13719 at *17 (citing *Kunik v Racine County, Wis*. 946 F.2d 1574 1580 (7th Cir. 1991). This complaint contains no more than insufficient conclusory allegations with no reference to any evidence of an agreement correlating with overt actions intended to deprive plaintiff of a federally protected right. Accordingly, Plaintiff's claim warrants dismissal with prejudice.

### E.   Count V of Plaintiff's Complaint Fails to State a Claim Pursuant to 5 ILCS 430/15-10 (Ethics Act)

#### 1.   Plaintiff's Ethics Act Claims Are Barred by Sovereign Immunity

"[T]he Illinois State Lawsuit Immunity Act states that claims pursuant to the Ethics Act may be brought by the act's terms, see 745 ILCS 5/1, and the Ethics Act expressly permits claims against the state to be brought in circuit courts, which are courts of general jurisdiction, see 5 ILCS 430/15-25." *Stone v. Bd. of Trs. of N. Ill. Univ.,* 38 F.Supp.3d 935, 947 (N.D. Ill. 2014)(citation omitted). "Nevertheless, the Ethics Act claims are also barred by the Eleventh Amendment because the waiver of sovereign immunity does not evince a clear indication of waiver of the Eleventh Amendment right to be free of suit in federal court, instead the Ethics Act only provides that suit is appropriate in Illinois circuit courts." *Stone*, 38 F.Supp.3d at 948 (citations omitted). Furthermore, Plaintiff's claim, to the extent it is premised on reports of race or religion discrimination, is preempted by the Illinois Human Rights Act; Plaintiff cannot proceed under the Ethics Act. *See Harris v. Illinois,* 753 F.Supp.2d 734, 743 (N.D. Ill. 2010). Accordingly, to the extent Plaintiff's Ethics Act claim is brought against the University, it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### 2.      Individual Defendants Cannot be Sued Under The Ethics Act

The Ethics Act provides a cause of action, but does not specify that a cause of action can be brought against individual defendants as Plaintiff has sought to do in Count V. 15-12 of the Ethics Act identifies remedies available, which include reinstatement, back pay, fringe benefits, and the like. These remedies are clearly directed against an employer defendant, and not an individual. Accordingly, Count V of Plaintiff's Amended Complaint should be dismissed with prejudice as it pertains to the individual Defendants

Furthermore, Plaintiff's claims against the individual Defendants are also barred by sovereign immunity for the same reasons asserted by the University. Specifically, any such claims must be brought in an Illinois circuit court, and not in federal court. See above. Here, the fact that Plaintiff has sued individuals in addition to the University, does not alter the analysis. "A claim against individual officers will be considered against the State if the individual officers were (1) acting within the scope of their authority, (2) performing a duty not owed by the public generally independent of state employment, and (3) engaged in matters ordinarily within the employee's normal and official functions." *Stone,* 38 F.Supp.3d at 946 (internal quotations and citations omitted). Here, the individual Defendants were acting within the scope of their employment, making human resources decisions, and thus sovereign immunity bars Plaintiff's claims under the Ethics Act, as those claims are, in reality, claims against the University/state.

### 3.      Plaintiff's Ethics Act Claim Warrants Dismissal as There Are No Facts Pleaded to Establish or Infer a Relevant Violation of a Law, Rule or Regulation

Under the Ethics Act, it is unlawful to retaliate against a state employee for disclosing or threatening to disclose to a supervisor or to a public body an activity, policy, or practice of any officer, member, state agency, or other state employee that the state employee reasonably

believes is in violation of a law, rule, or regulation. 5 ILCS 430/15-10(1). This is the only plausible provision of the Ethics Act applicable to Plaintiff's Complaint. Plaintiff fails to allege any facts to meet her burden of establishing that a violation of the law, rule, or regulation was disclosed. As set forth above, Plaintiff's argues that she reported purported discrimination relating to the student attendance policy and progress standards. It is not reasonable to believe that this is a violation of the law. In fact, Plaintiff fails to allege any facts regarding her understanding of the attendance or progress policies as relates to the students at issue. There are no facts alleged which would allow the Court to make any inferences concerning what occurred. Defendants again are in the position of not knowing the exact nature of the claims being asserted by the Plaintiff. Accordingly, Plaintiff's Ethics Act claim is insufficient and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**F.      Count VI of Plaintiff's Amended Complaint Under the Whistleblower Act, 740 ILCS 174/1, Fails Due to Insufficient Facts and Sovereign Immunity**

**1.      Plaintiff's Whistleblower Act Claims Are Barred by Sovereign Immunity**

"The State Lawsuit Immunity Act states that 'the State of Illinois shall not be made a defendant or party in any court.'" *Grant v. Kabaker,* 2016 U.S. Dist. LEXIS 182371, at *7 (C.D. Ill. Oct. 2, 2016) (quoting 745 ILCS 5/1). "Although it is true that Illinois can consent to be sued, the Illinois Supreme Court has stated that the consent must be 'clear and unequivocal.'" *Grant*, 2016 U.S. Dist. LEXIS 182371, at *7 (quoting *In re Walker*, 131 Ill.2d 300 (1989)). "At this time, Illinois has yet to unequivocally waive its sovereign immunity for acts brought under the [Illinois Whistleblower Protection] Act." *Id.* (citing *Harris v. Illinois,* 753 F.Supp.2d 734, 742 (N.D. Ill. 2010)). Therefore, Plaintiff is barred from bringing a Whistleblower Act claim against the Defendants. The University, as set forth above, is the State of Illinois for purposes of

sovereign immunity. Likewise, for reasons set forth above, claims against the individual

Defendants are considered claims against the State. Accordingly, Plaintiff's Whistleblower Act

claim is barred, in its entirety, by sovereign immunity and must be dismissed.

>     **2.      Plaintiff's Whistleblower Act Claim is Insufficient and Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)**

Section 30 of the Whistleblower Act states as follows:

> If an employer takes any action against an employee in violation of Section 15 or 20, the employee may bring a civil action against the employer for all relief necessary to make the employee whole ….

740 ILCS 174/30.

Sections 15 of the Act may be relevant to Plaintiff's suit given the existing alleged

conclusions. It states as follows:

> Retaliation for certain disclosures prohibited.
>
> (a)     An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.
>
> (b)     An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

740 ILCS 174/15.

As with the Ethics Act claim, Plaintiff fails to allege a violation of the law, rule, or

regulation that would fall within the framework of the Whistleblower Act. Plaintiff's arguments

regarding discrimination and the application of a student attendance policy and progress notes

are not reasonably believed to be a violation of the law. Moreover, this statute requires the

disclosure to be made to a government or law enforcement agency. Plaintiff's claim does not

include any factual support for the necessary elements required by this Act. Accordingly, Plaintiff's Whistleblower Act claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### G. Count VII of Plaintiff's Amended Complaint For Breach of Contract, Warrants Dismissal as This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Legally and Factually Deficient Claim

#### 1. The Illinois Court of Claims Maintains Exclusive Jurisdiction Over Breach of Contract Actions Against the State of Illinois

"Except as provided in the. . . Court of Claims Act… the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1. The Court of Claims Act provides that the Court of Claims has exclusive jurisdiction to hear and determine "[a]ll claims against the State founded upon any contract entered into with the State of Illinois." 705 ILCS 505/8(b); *Leetaru v. Bd. of Trs. of the Univ. of Ill.,* 2015 IL 117485, ¶ 47 ("where the challenged conduct amounts to simple breach of contract and nothing more," the *ultra vires* exception does not apply and sovereign immunity bars Plaintiff's claim); see also, *Joseph Const. Co. v. Bd. of Trs.,* 2012 Ill. App. (3d) 110379, at ¶¶ 25-29. Plaintiff alleges she had a contract with the University of Illinois Springfield and Board of Trustees. (d/e #1, p. 18, ¶ 90). As outlined above, the University is a state agency, and therefore, any breach of contract claim brought against it must be brought in the Court of Claims. Accordingly, this Court lacks subject matter jurisdiction to hear Plaintiff's state law breach of contract claim, and Count VI should be dismissed.

#### 2. Plaintiff's Amended Complaint Fails to Contain Sufficient Allegations to Support a Breach of Contract Action

Count VI of Plaintiff's Complaint is insufficient to state a claim upon which relief can be granted. She alleges that on February 5, 2016 she accepted the University's offer of "continued employment." (d/e #16, p. 25, ¶ 18). However, this allegation is belied by Plaintiff's allegations contained in the Amended Complaint. Rather than continued employment, Plaintiff's alleged

contract ended on August 15, 2016. (d/e #15-3, pp. 11-12). Plaintiff alleges she was allowed to work until August 15, 2016, i.e., the end of her contract. (d/e #16, ¶¶ 68-69). In Paragraph 118, the Plaintiff notes that her previous full-time contract had expired and assumes, based on her prior contract that the new contract would be for twelve months. (d/e #16, ¶ 118). Plaintiff's assumption and understanding is insufficient to create continued employment.

Furthermore, Plaintiff fails to allege how the University breached this contract. Plaintiff simply offers the bare-bone allegations that "Defendants violated their obligation of good faith and fair dealing as to the terms and conditions of that contract." (d/e #16, ¶ 124). Moreover, Plaintiff fails to allege how the individual Defendants were parties to this contract, such that they could be subject to a breach of contract claim asserted by the Plaintiff. In sum, Plaintiff has failed to properly allege the existence of a contract, the terms and conditions of the alleged contract, and how the named Defendants breached the contract in question. It should be noted that Plaintiff does not even allege that all of the Defendants were parties to the purported contract. While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S. Ct. at 1949. Without more, Defendants are not able to discern the duty they allegedly owe; how they breached this ethereal duty; or how this undefined breached caused harm to the Plaintiff. Accordingly, Count VI of the Plaintiff's Complaint should be dismissed.

### H. Count VIII of Plaintiff's Amended Complaint for Tortious Interference With Employment Warrants Dismissal as this Court Lacks Subject Matter Jurisdiction and the Individual Defendants are Absolutely Immune

#### 1. Plaintiff's Tort Claims against the Individual Defendants are Barred by Sovereign Immunity.

Plaintiff unambiguously asserts a claim sounding in tort in Count VIII for Tortious Interference with Employment. In determining whether a claim lies against a State entity such as

the University, "the formal identification of the parties as they appear in the record is not dispositive," and "substance takes precedence over form." *Leetaru v. Bd. of Trs. of the Univ. of Ill.,* 2015 IL 117485, ¶ 47. "That an action is nominally one against the servants or agents of the State does not mean that it will not be considered as one against the State itself." *Id.* (citing *Senn Park Nursing Center v. Miller*, 104 Ill.2d 169, 187 (1984)). "The prohibition 'against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested.'" *Id.* at ¶ 45 (quoting *Healy v. Vaupel*, 133 Ill. 2d 295, 308 (1990); *Sass v. Kramer*, 72 Ill.2d 485, 491 (1978)).

Just as the Court of Claims has exclusive jurisdiction over Plaintiff's breach of contract claim against the University, the same is true as to Plaintiff's tortious interference claims against Defendants Moranski, GoldbergBelle, Alexander, and McNealy, who are alleged to have been under the employ of the University at all times relevant to the Amended Complaint, who were acting within the scope of their employment in connection with their alleged acts, despite Plaintiff's assertions to the contrary. As such, they are subject to the same exclusive jurisdiction of the Court of Claims as the University itself, as acts performed by State agents within the scope of their official duties are regarded as acts of the State. *See Leetaru*, 2015 IL 117485, at ¶ 44-46.

Illinois' Fifth District Court of Appeals recently held that the Illinois Court of Claims had exclusive jurisdiction over tort claims brought against a public university employee in a case with similar facts to those at bar. *See Qiang Cheng v. Ford*, 2017 IL App. 5th 160274 (5th Dist. 2017). In *Qiang Cheng*, two Southern Illinois University ("SIU") associate professors brought claims for tortious interference of contract against the SIU interim provost and vice chancellor of academic affairs related to her oversight of an investigation into research misconduct brought

against the associate professor plaintiffs. *Qiang Cheng*, 2017 IL App. 5th at ¶¶ 1, 14. The plaintiffs alleged that the defendant administrator improperly continued and furthered an investigation into the research misconduct despite an initial assessment by faculty, which was inconclusive in its findings of misconduct. *Id*. at ¶¶ 6-13.

The Fifth District applied both the "source of duty" test and the "control" test to rule that the application of either test required exclusive Court of Claims jurisdiction. *Id*. at ¶¶ 34-36. Under the "source of duty" test, announced in *Leetaru* and outlined above, the Fifth District held that the defendant administrator's continued investigation arose out of her duty of office even if, as claimed by the plaintiffs, the initial assessment found no misconduct as defined within the Research Misconduct Policy. *Id*. at ¶ 32. The Fifth District further held, assuming *arguendo* that her continued investigation went beyond the scope of her official duties, that the control test demanded dismissal, regardless, as the plaintiffs' relief sought, namely injunctive relief and monetary damages, "could operate to control the actions of the State or subject it to liability." *Id*. at ¶ 35 (*quoting Loman v. Freeman*, 229 Ill. 2d 104, 112-13 [Ill. 2008]).

Here, despite Plaintiff's assertions to the contrary, all of the alleged actions of Defendants Moranski, GoldbergBelle, Alexander, and McNealy arose out of their duties as UIS employees. Plaintiff makes several claims against the individual Defendant, namely that they conducted assessments, made recommendations, directed scheduling of adjuncts, pursued investigations, made decisions pursuant to investigation, restricted Plaintiff's employment, and effectively demoted her. (d/e #16, ¶¶ 35, 40, 46, 47, 50, 57, 58, 60, 64, 68, 73, 77). Despite disparate labels and implications that the individual Defendants conducted their business in an unfair way toward Plaintiff, all of the alleged conduct of the individual Defendants is patently in line with job duties squarely within the scope of UIS administrators. None of Plaintiff's factual allegations provides

insight as to how the individual Defendants went outside the scope of their employment, other than that they made discretionary decisions that Plaintiff found unfair to her.

Plaintiff alleges that she has been told of rumors that she was dismissed due to ethical violations, and that these ethical violations cause her significant reputational harm, impairing her professional career. (d/e #16, ¶ 71). However, she does not specifically allege that this was, in fact, the reason for her discharge, that this is, in fact, in her personnel file causing her reputational harm, and does not allege that the individual Defendants had anything to do with this reputational harm. She also alleges that she was, in fact, allowed to remain in employ at UIS in the Fall of 2016 for the College of Business and Management, told she had done a good job, offered a part time position for January 2017, but that this position was rescinded after Plaintiff requested her personnel file "from UIS." (d/e #16, ¶ 78). However, Plaintiff does not make any of these allegations against the individual Defendants.

Plaintiff's allegations of tortious interference are, in reality, claims against the University. Her allegations against the individual Defendants are all consistent with duties within the scope of University administration employment, and her specific allegations of tortious interference are vague, and not directed at any of the individual Defendants. Further, awarding damages against University administrators for performing their employment duties contrary to Plaintiff's wishes would injure the University and could have the effect of directing the University how to conduct its business in the future. These claims are clearly directed at the University, and this Court lacks jurisdiction to hear them. Count VIII should, therefore, be dismissed for lack of subject matter jurisdiction.

2.      **The Individuals are Absolutely Immune from Tort Liability Related to Duties of their Official Employment.**

Under Illinois law, as governmental officials, Defendants Moranski, GoldbergBelle, Alexander, and McNealy are absolutely immune from any claim for Tortious Interference related to statements, publications, or actions made within the scope of their employment. The defense of privilege has long been recognized at common law. *Blair v. Walker* 64 Ill. 2d 1, 5 (Ill. 1976). In *Blair*, the Illinois Supreme Court stated the policy concerns mandating such a privilege for government officials:

> "This restriction is justified by the countervailing policy that officials of government should be free to exercise their duties without fear of potential civil liability." *Id*. at 6, citing *Barr v. Matteo*, 360 U.S. 564, 571 (1959)

The Illinois Supreme Court recognized this doctrine in *Blair*, and held that the Governor of Illinois was immune from liability for making statements "which are legitimately related to matters committed to his responsibility." *Id*. at 10; citing *Harris v. News-Sun*, 269 Ill. App. 3d 638. The justification for the privilege is the need to ensure that government officials are:

> free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. *Id.*

"Significantly, the absolute privilege cannot be overcome by a showing of improper motivation or knowledge of falsity, i.e., made with malice." *Geick v. Kay*, 236 Ill. App.3d 868, 875 (2nd Dist. 1992). To determine whether a particular communication is privileged, the Court must determine "whether the statements made were reasonably related to [the official's] duties." *Id*.

Illinois Court have long recognized that the absolute privilege doctrine applies, and have applied it liberally to different state employees. *See*, *Goldberg v. Brooks*, 409 Ill. App. 3d 106 (1st Dist. 2011) (applying absolute common law privilege to defendants, a school principal and a teacher's assistant in a bus driver's defamation action); *see also*, *McLaughlin v. Tilendis*, 115 Ill. App. 2d 148 (1st Dist. 1969) (applying absolute immunity to defendant, school superintendent); *see also*, *Larson v. Doner*, 32 Ill. App. 2d 471 (2nd Dist. 1961) (applying absolute privilege to defendants, Mayor of Beloit and city commissioners); *see also, Haskell v. Perkins*, 165 Ill. App. 144 (1st Dist. 1911) (applying absolute privilege to defendants, members of a local board of education and architect for the board of education).

Here, while Plaintiff does not claim defamation, Plaintiff does claim tortious interference with employment related to statements and actions of individual University employees. (d/e #16, Count VIII). "The absolute privilege of government employees acting within the scope of their duties has been applied to virtually every common law tort including, but not limited to, malicious prosecution, tortious interference with business, false arrest, blackmail, fraud, and intimidation." *Goldberg v. Brooks*, 409 Ill. App. 3d 106, 113 (1st Dist. 2011) (*citing Morton v. Hartigan*, 145 Ill. App. 3d 417, 426-27 (1st Dist. 1986)).

As illustrated above in Defendants' 12(b)(1) dismissal analysis of Plaintiff's tortious interference claim, all of Plaintiff's allegations against Defendants Moranski, GoldbergBelle, Alexander, and McNealy relate to alleged statements and actions made pursuant to their employment as UIS administrators, regardless of whether Plaintiff baldly alleges that they were acting outside the scope of their employment. Defendants were making academic employment decisions within the scope of their duties when they allegedly interfered with Plaintiff's employment, and the individual Defendants are therefore absolutely immune from any alleged

wrongdoing, regardless of whether they made the employment decisions and/or made statements or publications about Plaintiff with malice.

## I.      The Individual Defendants Are Entitled to Qualified Immunity as to All Federal Claims Under 1983 or 1985 Asserted by the Plaintiff

Qualified immunity protects officials performing discretionary functions who are sued in their individual capacities against liability for monetary damages so long as their actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 326 (1992)).

To the extent the Court may find that the manner by which the University and its professors follow and enforce its own and/or any Government (e.g., Visa related) attendance and progress policy pertaining to students may constitute a violation of the law, such was not clearly established law at any time relevant to this law suit. Accordingly, the individual Defendants are entitled to qualified immunity as to Counts II and III.

WHEREFORE, for all of the above and foregoing reasons, Defendants, BOARD OF TRUSTEES OF UNIVERSITY OF ILLINOIS, KAREN MORANSKI, JONATHAN GOLDBERGBELLE, LAURA ALEXANDER, and DONNA MCNEELY, respectfully request that the Court dismiss Plaintiff's Amended Complaint, together with such other relief as this Court deems appropriate and just under the circumstances.

DEFENDANTS DEMAND A TRIAL BY JURY.

Respectfully Submitted,

BOARD OF TRUSTEES OF UNIVERSITY OF
ILLINOIS, KAREN MORANSKI, JONATHAN
GOLDBERGBELLE, LAURA ALEXANDER, and
DONNA MCNEELY, Defendants

s/ Theresa M. Powell
IL ARDC #: 6230402
HEYL, ROYSTER, VOELKER & ALLEN
3731 Wabash Avenue
Springfield, IL 62711-6261
Phone: 217.522.8822, Ext. 2222
Fax:    217.523.3902
Email: tpowell@heylroyster.com

and

s/ Brian M. Smith
IL ARDC #6293822
HEYL, ROYSTER, VOELKER & ALLEN
301 N. Neil St., Suite 505
P.O. Box 1190
Champaign, IL 61824-1190
217-344-0060 Phone
217-344-9295 Fax
E-mail:  bsmith@heylroyster.com

## PROOF OF SERVICE

I hereby certify that on August 23, 2017, I electronically filed the foregoing DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6), with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kathryn E. Eisenhart                      Attorneys for Plaintiff
EISENHART LAW OFFICE
17 Hawthorne Lane
Springfield, IL 62712
Email: eisenhartlawoffice@gmail.com

Shameem Mona Ahsan
LAW OFFICE OF MONA AHSAN ESQ
2901 Wildcat Court
Springfield, IL 62711
Email: mona@ahsan-law.com

I also hereby certify that I have mailed on August 23, 2017, by United States Postal Service the foregoing DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6), to the following non-CM/ECF participants: None

s/ Brian M. Smith
Heyl, Royster, Voelker & Allen

32978533_1